Mark J. Wilk, OSB #814218
mwilk@oregonlawcenter.org
Veronica Digman-McNassar, OSB #120792
vdigman@oregonlawcenter.org
Oregon Law Center
230 W. Hayes Street
Woodburn, Oregon 97071
Phone: (503) 981-0336
Fax: (503) 981-0373

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| MARIA LOPEZ GOMEZ (Gomez Lopez?)<br><br>Plaintiffs,<br><br>v.<br><br>**KCK Farms, LLC,**<br><br>Defendant. | Case No.  3:21-cv-01441-<br><br>COMPLAINT<br><br>Equal Employment Opportunity Act<br>42 U.S.C. §2000(e) 2(a)<br><br>Equal Employment Opportunity Act<br>42 U.S.C. §2000(e) 3(a)<br><br>Oregon Anti-discrimination law (sex discrimination)<br>ORS §659A.030<br><br>**DEMAND FOR JURY TRIAL** |

I. PRELIMINARY STATEMENT

1. Plaintiff is an agricultural worker who has worked for defendant for approximately 12 years at their nursery in Dayton, Oregon.

2. Plaintiff has been subjected to repeated unwanted sexual harassment on the part of her co-workers.

3. Plaintiff reported the harassment to defendant on more than one occasion.

4. Defendant failed to properly investigate and address the harassment and failed to deter further harassment.

5. Defendant also subjected plaintiff to further harassment and discriminated against plaintiff in retaliation for reporting and complaining about the sexual harassment.

II. JURISDICTION AND VENUE

6. Jurisdiction over Plaintiffs' federal claims is conferred on this Court by 28 U.S.C. §1331, in that this action arises under the laws of the United States, 42 U.S.C. §2000(e).

7. Venue is proper in this Court under 28 U.S.C. § 1391(b) and (d), being the judicial district inwhich all of the events of this litigation arise and in which are located defendant's  principal place of business and defendant's registered agent.

III. PARTIES

8. Plaintiff has worked for defendant in Dayton, Oregon since approximately 2009, performing agricultural labor at Defendants' property, located at 111483 SE Amity-Dayton Hwy, Dayton, Oregon 97114, which is in Yamhill County, Oregon.

9. Defendant KCK Farms, LLC is a domestic limited liability company which runs a nursery

in Dayton, Oregon, which is located in Yamhill County, Oregon.

10. At all times relevant to this action, Defendant employed plaintiff at defendant's nursery in Dayton, Oregon, which is in Yamhill County, Oregon.

## IV.   FACTS

11. Plaintiff began working for Defendant in approximately 2009.

12. On or around September 14, 2018, one of plaintiff's co-workers, Gaspar Sanchez, exposed himself to plaintiff by urinating in front of her at work.

13. Afterwards plaintiff was continually harassed by the men working in her crew. asking plaintiff about the size of the genitalia of Mr. Sanchez, laughing at plaintiff, and making jokes and other harassing comments about plaintiff having seen Mr. Sanchez's genitalia.

14. Plaintiff reported the exposure and harassment to Ramona, a representative of defendant's human resources office (Ramona) on or around September 16, 2018.

15. To plaintiff's knowledge, defendant failed to take adequate action in response to plaintiff's report to address the harassment or to deter further harassment.

16. In the spring of 2019, plaintiff was told that she would not be assigned to the crew that she was normally assigned to during that time of year, a crew which wrapped and packaged flowers.

17. This change in assignment negatively affected client's expected wages for the season.

18. Plaintiff reported further harassment to defendant in June of 2019 and December of 2019.

19. In December 2019, defendant showed the workers a training video explaining what sexual harassment is and encouraging them to report harassment to human resources.

20. After viewing the video, plaintiff had a conversation with Ramona in which plaintiff asked

why nothing had been done in response to her reports of harassment at work.

21. Ramona gave plaintiff several different answers, including that showing the training video was an adequate response, that plaintiff was required to report the harassment to her immediate supervisor before reporting it to human resources, and that the human resources could not address plaintiff's report because plaintiff did not have definitive proof of the harassment.

22. Ramona then told plaintiff that defendant could move plaintiff to work in a different area alone. Plaintiff responded that she believed that moving her to work alone would neither address the harassment nor deter further harassment.

23. Ramona asked plaintiff what plaintiff would like the company to do, and plaintiff responded that she believed defendant should take actions with regard to the co-workers who were harassing plaintiff to deter them from harassing her further and from harassing other workers.

24. Ramona responded that they would only take action to remedy harassment and to deter further harassment if plaintiff could provide definitive proof of the harassment.

25. In approximately March of 2020, plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) regarding the events described in paragraphs 1 - 24 of this complaint.

26. After plaintiff filed the discrimination charge with the EEOC, defendant changed plaintiff's work assignments and repeatedly assigned plaintiff to work in areas where she would be isolated or working alone, apart from the rest of the workers.

27. These changes caused plaintiff to have fewer assignments and fewer work hours available to her.

28. Working alone also caused plaintiff to be more isolated from the rest of her co-workers, to

feel more afraid at work, and to feel more vulnerable to further harassment.

29. After filing the charge with the EEOC, plaintiff heard other workers making harassing comments about her including calling her vulgar names.

30. Plaintiff also heard other workers saying that plaintiff was in trouble and that Ramona was investigating plaintiff's work performance with plaintiff's supervisors.

31. Plaintiff spoke with Ramona about the insults and harassing comments she was hearing from the other workers.

32. Plaintiff also asked Ramona if Ramona was investigating plaintiff's work performance, and Ramona confirmed that she was.

33. Ramona told plaintiff that the things plaintiff was reporting and asking about were natural consequences of plaintiff complaining and filing a charge with the EEOC and told plaintiff that there was nothing defendant could do about plaintiff's co-workers insulting her at work.

34. In June of 2020, plaintiff was harassed by another co-worker, Marco Antonio Herrera, who contacted plaintiff several times asking to meet her, date her, and asking why she was always alone.

35. Plaintiff told Mr. Herrera that his conduct was unwelcome, and she blocked his number in her phone.

36. In September of 2020, Mr. Herrera approached plaintiff at work asking why plaintiff was not answering him on her phone.  Mr. Herrera then told plaintiff, "tienes cuatro dias para el sabado, te doy cuatro días para comerme eso" (translation: "you have four days until Saturday, I am giving you four days for me to eat that") and pointed to her genitals, and said, "te espero el sabado para que le pienses" (translation: "I will be waiting on Saturday so think about it."

37. Plaintiff reported the harassment (recounted in paragraph 31 above) to her immediate supervisor, David Gomez, on or immediately around the same day it happened.

38. Mr. Gomez indicated to plaintiff that unless she could present him with more evidence of the harassment, there would be nothing he could do about it.

39. Plaintiff told Mr. Gomez that Mr. Herrera had been harassing her before via text message and that she had blocked his number in her phone.

40. Mr. Gomez instructed plaintiff to unblock Mr. Herrera's number in her phone so that she would have more evidence to show the company of the harassment.

41. Plaintiff followed Mr. Gomez's instructions and unblocked Mr. Herrera's number. Afterwards, some text messages came through to plaintiff's phone from Mr. Herrera's number, including one message containing a photo of male genitalia.

42. Plaintiff presented the text messages to Mr. Gomez, who referred plaintiff to Ramona, defendant's human resources representative. Plaintiff went to the office to speak with Ramona but did not find her.

43. As plaintiff was in her car preparing to leave for the day, Mr. Herrera stood in front of plaintiff's car, effectively blocking her from leaving. Plaintiff rolled down her car window and Mr. Herrera moved from in front of the car and said, "no se enoje" (translation: "don't get mad."). Since Mr. Herrera was no longer in front of her car, plaintiff drove away.

44. On or around September 14, 2020, plaintiff reported Mr. Herrera's conduct to Ramona, defendant's human resources representative, and showed Ramona the text messages and photo that Mr. Herrera had sent to plaintiff.

45. Ramona told plaintiff that plaintiff had probably done something to encourage Mr. Herrera to sexually harass plaintiff.

46. Plaintiff denied having done anything to encourage Mr. Herrera's behavior.

47. Plaintiff offered to send photos of the text messages and photo to Ramona or someone else representing defendant to help with the investigation of the harassment.

48. Ramona instructed plaintiff not to provide the text messages or photo to anyone, and told plaintiff that Ramona would speak with Mr. Herrera.

49. Plaintiff again blocked Mr. Herrera's number in her phone after speaking with Ramona.

50. After reporting Mr. Herrera's harassment to defendant, plaintiff was not informed of, nor did she witness any further action taken on the part of defendant to address the harassment or to deter further harassment.

51. Plaintiff continues to feel unsafe at work and is sometimes assigned to work near other workers who have harassed her.  Plaintiff reported this to her supervisor, who advised her not to complain anymore because there was nothing defendant could do to protect plaintiff from further harassment.

52. Plaintiff has suffered extreme stress, insomnia, weight loss, and intense, prolonged feelings of depression and anxiety as a result of the harassment and retaliation she has suffered at work and defendant's failure to address, stop or deter the harassment and retaliation.

53. Plaintiff has attempted in good faith to resolve this dispute without litigation.

54. Plaintiff filed a complaint with the EEOC prior to filing this civil action.

55. Plaintiff has been required to obtain the services of an attorney to enforce their rights and seek attorney fees pursuant to ORS §659A.885 and 42 U.S.C. §2000(e) 5.

///

///

///

## V.   CLAIMS FOR RELIEF

**FIRST CLAIM: Sex discrimination (EQUAL EMPLOYMENT OPPORTUNITY ACT, 42 U.S.C. §2000(e) (2)(a)**

56. Plaintiffs re-allege paragraphs 1–55.

57. Defendants violated the EEOA in that:

    a. Defendants discriminated against plaintiff with respect to her compensation, terms, conditions, or privileges of employment because of plaintiff's sex, in violation of 42 U.S.C. §2000(e) 2(a) by failing to address the sexual harassment plaintiff was subjected to at work.

    b. Defendants discriminated against plaintiff with respect to her compensation, terms, conditions, or privileges of employment because of plaintiff's sex, in violation of 42 U.S.C. §2000(e) 2(a), by failing to deter further sexual harassment in the workplace.

58. Plaintiff claims damages of $40,000 defendant's violationsof the EEOA pursuant to 42 U.S.C. §2000(e) 5, together with her court costs.

**SECOND CLAIM: Retaliation (EQUAL EMPLOYMENT OPPORTUNITY ACT, 42 U.S.C. §2000(e) (3)(a)**

59. Plaintiffs re-allege paragraphs 1–55.

    a. Defendants discriminated against plaintiff with respect to her compensation, terms, conditions, or privileges of employment because of plaintiff's sex, in violation of 42 U.S.C. §2000(e) 3(a), by changing plaintiff's work assignments in ways which adversely affected plaintiff, in retaliation for plaintiff opposing and reporting the sexual harassment

    she experienced while working for defendant.

    b. Defendants discriminated against plaintiff with respect to her compensation, terms, conditions, or privileges of employment because of plaintiff's sex, in violation of 42 U.S.C. §2000(e) 3(a), by changing plaintiff's work assignments in ways which adversely affected plaintiff, in retaliation for plaintiff filing a complaint against defendant with the EEOC.

    c. Defendants discriminated against plaintiff with respect to her compensation, terms, conditions, or privileges of employment because of plaintiff's sex, in violation of 42 U.S.C. §2000(e) 3(a), by discouraging plaintiff from reporting instances of sexual harassment to defendant without first gathering proof, and then refusing to accept or review proof of harassment when plaintiff presented to defendant's agents.

60. Plaintiff claims damages of $20,000 defendant's violationsof the EEOA pursuant to 42 U.S.C. §2000(e) 5, together with her court costs.

### THIRD CLAIM: (Oregon Anti-discrimination law – sex discrimination (ORS 659A.030))

61. Plaintiffs re-allege paragraphs 1–55.

62. S Defendants violated ORS §659A.030 in that:

    a. Defendants discriminated against plaintiff with respect to her compensation, terms, conditions, or privileges of employment because of plaintiff's sex, in violation ORS §659A.030 by failing to address the sexual harassment plaintiff was subjected to at work.

Page 9 - COMPLAINT

  b. Defendants discriminated against plaintiff with respect to her compensation, terms, conditions, or privileges of employment because of plaintiff's sex, in violation of ORS §659A.030, by failing to deter further sexual harassment in the workplace.

  c. Defendants discriminated against plaintiff with respect to her compensation, terms, conditions, or privileges of employment because of plaintiff's sex, in violation of ORS §659A.030, by changing plaintiff's work assignments in ways which adversely affected plaintiff, in retaliation for plaintiff opposing and reporting the sexual harassment she experienced while working for defendant.

  d. Defendants discriminated against plaintiff with respect to her compensation, terms, conditions, or privileges of employment because of plaintiff's sex, in violation of ORS §659A.030, by changing plaintiff's work assignments in ways which adversely affected plaintiff, in retaliation for plaintiff filing a complaint against defendant with the EEOC.

63. Plaintiff claims damages of $40,000 defendants' violations of the EEOA pursuant to ORS §659A.030, together with her court costs.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that this Court enter judgment in their favor and against Defendants as follows:

  1. On her First Claim for Relief (Sex Discrimination – EEOA, 42 U.S.C. §2000(e)

Page  10  - COMPLAINT

(2)(a)), damages of $40,000.00.

2. On their Second Claim for Relief (Retaliation – EEOA, 42 U.S.C. §2000(e) (3)(a)), damages of $20,000.00, pursuant to ORS §659A.030.

3. On her Third Claim for Relief (Oregon anti-discrimination law – whistleblower retaliation), damages of $40,000.00, pursuant to ORS §659A.030.

4. Prejudgment interest on Plaintiffs' unpaid and penalty wages, pursuant to ORS §82.010.

5. Such other and further relief as the Court deems just, reasonable and proper.

6. Plaintiff demands a jury trial.

OREGON LAW CENTER

| October 1, 2021 | s/ Veronica Digman-McNassar |
|---|---|
| _____ | _____ |
| Date | Veronica Digman-McNassar, OSB No. 120792 |
| | vdigman@oregonlawcenter.org |
| | Oregon Law Center |
| | 230 W. Hayes Street |
| | Woodburn, Oregon 97071 |
| | Telephone: 503- 981-0336 |
| | Facsimile: 503-981-0373 |